# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TAYLOR,<br><br>        Plaintiff,<br>    v.<br><br>JAYCO, INC. AND DIXIE MOTORS, L.L.C.,<br><br>        Defendant. | Case No.: 1:21-cv-01797-JLT-BAM<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO AMEND AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA<br><br>(Docs. 12, 22) |

## INTRODUCTION

This case concerns the purchase by Plaintiff in July 2021 of a motorhome manufactured by Entegra Coach, a division of Defendant Jayco, Inc. (*See generally* Doc. 1.) The transaction took place at Great American RV Superstores, located in Hammond, Louisiana. (*Id*., ¶ 3.) Plaintiff is a citizen of California; Jayco is an Indiana Corporation with its principal place of business in Indiana. (*Id*., ¶¶ 1–2.) Plaintiff appears to bring claims for rescission and breach of warranty under Louisiana law, as well as a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301. (*See generally id*.)

Before the Court for decision are Defendant's motion to transfer venue to the Northern District of Indiana (Doc. 12) and Plaintiff's motion to amend (Doc. 22). Both motions are unopposed.

///

///

1

# ANALYSIS

## A. Motion to Change Venue

In its motion to change venue, Defendant points out that the purchase documents executed by Plaintiff contain a "Warranty Registration and Consumer Delivery Form" as well as a "Limited warranty Acknowledgement." (*See* Doc. 14, Exs. B, C.)[1] The Warranty Registration and Consumer Delivery Form" required Plaintiff to certify that he received, read, and understood the Limited Warranty applicable to the motorhome product prior to purchase. (*Id*., Ex. B.) Within the owner's manual that pertains to the motorhome in question is a section entitled "Warranty & Service" that begins with the following forum selection clause:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY, OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. UNLESS PROHIBITED BY STATE LAW, ALL CLAIMS, CONSTROVERSIES, AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOUDL RESULT IN THE APPLCIATION OF THE LAWS OF A DIFFERENT JURISDICTION.

(*Id*., Ex. D, ECF p. 39 of 45.)

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)…" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). In considering a motion to change venue, "[t]he presence of a forum-selection clause…will be a significant factor that figures centrally in the district court's calculus." *Stewart Org. v. Ricoh Corp*., 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A valid forum selection clause constitutes the parties' agreement as to the most proper forum. *Atl. Marine*, 571 U.S. at 63. Further, the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate

---

[1] The Court may consider the documents offered by Defendants in the context of a motion for improper venue brought under Rule 12(b)(3). *See Munns v. Clinton*, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) ("Unlike a motion to dismiss for failure to state a viable claim under Rule 12(b)(6), on a motion for improper venue under Rule 12(b)(3), the pleadings need not be accepted as true and the court may consider supplemental written materials and consider facts outside the pleadings in its adjudication.") (internal quotation and citation omitted).

expectations and furthers vital interests of the justice system." *Stewart*, 487 U.S. at 33.

Accordingly, when a section 1404(a) transfer motion is premised on a forum selection clause, the analysis is adjusted and courts "should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62; *see also Stewart*, 487 U.S. at 33 ("[A]uthority and prerogative of the federal courts…should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional cases."). Finally, the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), "provides guidance regarding the extraordinary circumstances in which a forum-selection clause will not control," including the presence of fraud or overreaching, public policy concerns, or grave difficulty and inconvenience. *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915, 917 (9th Cir. 2019).

For the reasons set forth in Defendant's brief[2] (Doc. 13), the Court finds transfer appropriate under the circumstances. In sum, the transaction in question is subject to the mandatory forum selection clause quoted above, which indicates that courts in Indiana have exclusive jurisdiction over warranty-based and related disputes. Moreover, the record reveals no extraordinary circumstances, such as fraud or inconvenience, that would justify finding that the forum selection clause does not control. The motion to transfer venue is **GRANTED**.

**B.     Motion to Amend**

Plaintiff has also moved to amend the complaint to add The Shyft Group USA, Inc. ("Shyft") as a defendant. Shyft is a South Dakota Corporation with its principal place of business in Michigan. (Doc. 22-2, ¶ 3.) Although Plaintiff has indicated that the existing Defendant "consents to the filing of this motion to amend," the parties did not submit a stipulation pursuant to Federal Rule of Civil Procedure 15(a)(2), which would have obviated the need for the court to address a noticed motion. Regardless, Rule 15(a)(2) provides that the Court should "freely give leave" to amend when justice so requires. In determining whether justice requires leave to amend, courts consider five factors initially listed in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue delay, prejudice to the opposing

---

[2] Plaintiff did not oppose the motion to transfer venue.

party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Nothing in the record indicates bad faith, undue delay, or futility, and Plaintiff has not previously amended the complaint. Moreover, given Plaintiff's representation that Defendant does not oppose amendment and the fact that the time for opposition has passed, nothing in the record suggests Defendant will be prejudiced by the amendment. Accordingly, the motion to amend will be granted.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion to amend (Doc. 22) is **GRANTED**.

(2) The Clerk of Court is directed to **DOCKET** the lodged first amended complaint (Doc. 22-2).

(3) Defendant's motion to change venue (Doc. 12) is **GRANTED**.

(4) After the first amended complaint has been docketed, the Clerk of Court is directed to **TRANSFER** this case to the Northern District of Indiana.

IT IS SO ORDERED.

Dated:   **May 27, 2022**                                  _____
                                                                                UNITED STATES DISTRICT JUDGE